Exhibit 1

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement ("Settlement") is entered into between plaintiff Robert Reed ("Reed"), individually and as class representative of the Class defined in Section III below, and defendant 1-800 Contacts, Inc. ("1-800-Contacts"). Reed and 1-800-Contacts are jointly referred to as the "Parties."

I.   <u>RECITALS</u>

A.   On August 15, 2012, Reed filed a complaint in the San Diego Superior Court entitled <u>Reed v. 1-800 Contacts, Inc.</u>, Case No. 37-2012-001024420CU-MC-CTL (the "Lawsuit"). The Lawsuit alleges that 1-800-Contacts secretly recorded telephone conversations with its California customers in violation of Sections 632 and 632.7 of the California Invasion of Privacy Act, Cal. Pen. Code section 630 <u>et seq.</u>

B.   On September 27, 2012, 1-800-Contacts removed the Lawsuit to the United States District Court for the Southern District of California, where the Lawsuit was assigned Case No. 3:12-cv-02359-JM-BGS.

C.   On February 22, 2013, the Parties attended a mediation before the Hon. Layn R. Phillips (Ret.). That mediation was unsuccessful. However, on April 25, 2013, the Parties resumed their settlement discussions through Judge Phillips. On May 31, 2013, Judge Phillips made a mediator's recommendation, which both Parties accepted. At all times, the settlement negotiations, while cordial, were adversarial, non-collusive, and conducted at arm's-length.

D.   Before entering into this Settlement, the Parties conducted a substantial amount of formal and informal discovery and exchanged detailed information concerning the claims, defenses, and alleged damages at issue. Reed and Reed's counsel are sufficiently familiar with the facts of the case and the applicable law to evaluate the fairness of the Settlement. Reed and Reed's counsel believe that the Settlement is fair, reasonable, and in the best interests of the Class.

Exhibit 1
Page 1

E.      This Settlement represents a compromise of disputed claims.  In entering into this Settlement, 1-800-Contacts specifically denies any and all allegations of liability, fault, or wrongdoing asserted in the Lawsuit.

II.     CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT

A.      This Settlement will become final and effective only upon the occurrence of all of the following events:

1.      The Parties complete confirmatory discovery.  This condition has been satisfied.  On July 12, 2013, Reed's counsel took the Rule 30(b)(6) deposition of 1-800-Contacts by its designees to confirm 1-800-Contacts' representations concerning its policies and procedures, recordkeeping, and the number of telephone calls that it recorded with California customers during the Class Period.

2.      The Court enters an order, in a form substantially similar to Exhibit A hereto, preliminarily approving the Settlement and certifying the Class as defined in Section III.  The date the Court enters this order will be referred to as the "Preliminary Approval Date."

3.      The Court enters an order granting final approval of the Settlement.  The date the Court enters this order will be referred to as the "Final Approval Date."

4.      The Effective Date occurs.   The "Effective Date" will be determined as follows:

a.      The Effective Date will be the Final Approval Date unless a Class Member files a timely objection to the Settlement that is not withdrawn before the Final Approval Date.

b.      If a Class Member files a timely objection to the Settlement that is not withdrawn before the Final Approval Date, then the Effective Date will be thirty-one (31) days following the Final Approval Date, unless that Class Member files a timely notice of appeal of the Settlement.

   c.  If a Class Member who has filed a timely objection the Settlement also files a timely notice of appeal of the Court's order approving the Settlement, then the Effective Date will be the date the appeal is dismissed or the Settlement is affirmed and no longer subject to further appellate review.

   B.  The Parties and their respective counsel will cooperate with each other and do all things reasonably necessary to obtain preliminary approval of the Settlement, obtain final approval of the Settlement, protect and support the Settlement if an appeal is taken or any other form of judicial review is sought, and otherwise ensure that the Effective Date occurs. Class Counsel will have the right to appeal any award of attorneys' fees, litigation expenses, or service payments that is less than the amount permitted under this Settlement, but any such appeal, if taken, will not otherwise affect the binding nature of the Settlement, including the release of claims set forth in Section X below.  In the event of any such appeal of attorneys' fees, litigation expenses, or service payments, the Parties will cooperate to carry out the terms of the Settlement that are unaffected by that appeal.

III. CLASS CERTIFICATION

   A.  Solely for the purpose of effectuating the Settlement, and subject to Court approval, the Parties hereby stipulate to class certification of the following class ("Class," the members of which are referred to as the "Class Members"):

     All natural persons who, while present in California, participated in at least one recorded telephone call with 1-800 Contacts, Inc. between August 15, 2011 and September 10, 2012 (the "Class Period").

   B.  Solely for the purpose of effectuating the Settlement, and subject to Court approval, the Parties stipulate that the law firm of Dostart Clapp & Coveney, LLP will be appointed as counsel for the Class ("Class Counsel").

Exhibit 1
Page 3

C.     Solely for the purpose of effectuating this Settlement, and subject to Court approval, the Parties stipulate that Reed will be appointed as class representative of the Class.

D.     The Parties agree that Rust Consulting will be appointed as Claims Administrator. The Claims Administrator will be responsible for mailing the class notices; establishing and maintaining the settlement website; receiving, validating and logging the Claim Forms and requests for exclusion; researching and updating addresses through skip-traces and similar means; answering questions from the Class Members; reporting on the status of Claim Forms and requests for exclusion; preparing a declaration regarding its due diligence; administering the Settlement Amount; distributing settlement payments; and doing such other things as the Parties may direct. As a condition for its appointment as Claims Administrator, Rust Consulting shall enter into a non-disclosure and confidentiality agreement with 1-800-Contacts (i) to protect the confidentiality of information supplied by 1-800-Contacts to the Claims Administrator and (ii) to provide that the Claims Administrator shall use such information solely to carry out its duties as Claims Administrator pursuant to this Settlement Agreement.

IV.     SETTLEMENT CONSIDERATION

A.     No later than five (5) court days following the Preliminary Approval Date, 1-800-Contacts will transfer the sum of Eleven Million Seven Hundred Thousand Dollars ($11,700,000) into an interest-bearing account administered by the Claims Administrator. This amount, including all interest earned thereon, will be referred to as the "Settlement Amount."

B.     As provided in Sections V, VI, VII, and VIII below, the Settlement Amount will be used to pay Class Counsel's attorneys' fees and litigation expenses (as approved by the Court), a service payment to Reed (as approved by the Court), the costs of claims administration, the settlement payments to Class Members who file claims, and if any funds are remaining, a payment to a cy pres recipient approved by the Court.  In no

Exhibit 1
Page 4

event will any portion of the Settlement Amount revert to 1-800-Contacts.

C.     The Settlement Amount is a compromise of plaintiff's claim that he and the Class Members have been injured and that they are entitled to recover statutory damages. As such, Settlement Amount is not, and cannot be characterized as, a penalty or a fine.

D.     In addition to the monetary settlement consideration described above, for a period of at least three (3) years beginning on the Final Approval Date, 1-800-Contacts will not record telephone calls that are placed to or received from California area codes unless 1-800-Contacts gives a notification at the outset of the call that the call may be recorded. However, if California law were to change in the future such that two-party consent is not required, or if the business practice of call recording in the context of customer or consumer call centers is found by the California Legislature or the California Supreme Court to not fall within the California Invasion of Privacy Act, 1-800-Contacts will be free to conform its practices to then-established law. Because the Settlement is a compromise of disputed allegations and claims, 1-800-Contacts' agreement to make this business change is expressly for purposes of settlement and not any admission of wrongdoing, fault, or liability with respect to Reed's allegations and claims.

## V.     ATTORNEYS' FEES AND LITIGATION EXPENSES

Class Counsel will file a motion for an award of attorneys' fees equal to twenty-five percent (25%) of the Settlement Amount, plus actual litigation expenses not to exceed $150,000. 1-800-Contacts will take no position regarding these requests. No later than ten (10) court days following the Effective Date, the Claims Administrator will pay Class Counsel from the Settlement Amount the attorneys' fees and litigation expenses awarded by the Court.

## VI.     SERVICE PAYMENT TO REED

Class Counsel will file a motion requesting a service payment to Reed not to exceed $10,000. 1-800-Contacts will take no position regarding this request. No later

Exhibit 1
Page 5

than ten (10) court days following the Effective Date, the Claims Administrator will pay Reed from the Settlement Amount the service payment awarded by the Court.

VII.    CLASS NOTICE AND CLAIMS PROCEDURE

A.      No later than five (5) court days following the Preliminary Approval Date, 1-800-Contacts will provide to the Claims Administrator an electronic database ("Database") containing the unique telephone number for each California call that was recorded during the Class Period and, if available, the name and address of the Class Member who is associated with that telephone number as reflected in 1-800-Contacts' database as of the date recorded.  If 1-800-Contacts requires the Claims Administrator to enter into a confidentiality agreement before producing the Database, 1-800-Contacts will negotiate and sign that agreement in advance of the deadline for producing the Database. If any Class Member contacts Class Counsel during the claims administration process, the Claims Administrator will release to Class Counsel, upon request, the information contained in the Database for that Class Member.  The Claims Administrator and Class Counsel will promptly notify 1-800-Contacts of any request for information contained in the Database.

B.      No later than fifteen (15) court days following the Preliminary Approval Date (the "Notice Date"), the Claims Administrator will mail to each Class Member whose name and last-known address is contained in the Database the Court-approved Class Notice (Exhibit B) and Claim Form (Exhibit D).  Prior to the mailing, the Claims Administrator will run the Class Members' last-known addresses through the U.S. Postal Service's National Change of Address ("NCOA") database and update the Database as necessary.  If any settlement documents are returned to the Claims Administrator as undeliverable, the Claims Administrator will immediately perform a skip-trace and/or other customary address search in an attempt to locate a valid address, and if a new address is obtained, re-mail the settlement documents to that address.

Exhibit 1
Page 6

C.    No later than the Notice Date, the Claims Administrator will establish a settlement website on which it will make available the Class Notice, Claim Form, this Settlement Agreement, the complaint, 1-800-Contact's answer, the order granting preliminary approval of the Settlement, and any other materials agreed to by the Parties.

D.    Beginning on the Notice Date, the Claims Administrator will cause the Publication Notice (Exhibit C) to be published three times in each of the following publications: the <u>Los Angeles Times</u>, the <u>San Francisco Chronicle</u>, the <u>San Diego Union-Tribune</u>, the <u>Sacramento Bee</u>, and the <u>Fresno Bee</u>.

E.    1-800-Contacts will not encourage Class Members to request exclusion or object to the Settlement.  If a Class Member attempts to communicate with 1-800-Contacts concerning the Settlement, 1-800-Contacts will direct the Class Member to the Claims Administrator.

F.    In order to receive a share of the Settlement Amount, Class Members must complete and return a timely Claim Form, and that Claim Form must be validated by the Claims Administrator as provided in this Section.  To be timely, the Claim Form must be returned to the Claims Administrator no later than sixty (60) days following the Notice Date (the "Claim/Exclusion/Objection Deadline").  If the Claim Form is returned by mail, the date of return will be the date of the postmark.  If the Claim Form is returned by email, overnight mail, fax, or personal delivery, the date of return will be the date the Claim Form is received by the Claims Administrator.  The Claims Administrator will determine the validity of each Claim Form by comparing the name and telephone number on the Claim Form against the names and telephone numbers in the Database.  A Claim Form will be valid only if it matches either a name or a telephone number in the Database.  If the Claim Administrator receives any Claim Forms that are invalid or untimely under this Section, the Claims Administrator will so notify the person by postcard.  Class Members who submit timely and valid Claim Forms will be referred to as "Participating Class Members."  Unless the Parties otherwise agree, only Participating

Exhibit 1
Page 7

Class Members will receive settlement payments under the Settlement.

G.      Any Class Member who wishes to be excluded from the Settlement must complete and return a written request for exclusion, and that request for exclusion must be validated by the Claims Administrator as provided in this Section. The request for exclusion must list the Class Member's name, address, telephone number, and the statement "I wish to opt-out of the Reed v. 1-800 Contacts, Inc. lawsuit," or words to that effect. To be timely, the request for exclusion must be returned to the Claims Administrator no later than the Claim/Exclusion/Objection Deadline.  If the request for exclusion is returned by mail, the date of return will be the date of the postmark.  If the request for exclusion is returned by email, overnight mail, fax, or personal delivery, the date of return will be the date the request for exclusion is received by the Claims Administrator. The Claims Administrator will determine the validity of each request for exclusion by comparing the name and telephone number on the request for exclusion against the names and telephone numbers in the Database.  A request for exclusion will be valid only if it matches either a name or a telephone number in the Database.  If the Claim Administrator receives any requests for exclusion that are invalid or untimely under this Section, the Claims Administrator will so notify the person by postcard.  Any Class Member who submits a timely and valid request for exclusion will be excluded from the Class, will receive no consideration under the Settlement, and will not be bound by the Settlement.

H.      Any Class Member who wishes to object to the Settlement must file a written objection with the Court and serve copies of the objection on Class Counsel, 1-800-Contacts' counsel, and the Claims Administrator, no later than the Claim/Exclusion/Objection Deadline. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection.

I.      No later than five (5) court days following the Claim/Exclusion/Objection Deadline, the Claims Administrator will email or fax to Class Counsel and 1-800-

Exhibit 1
Page 8

Contacts' counsel a written report listing the total number of Claim Forms, requests for exclusion, and objections that have been received by the Claims Administrator, as well as the number of Claim Forms and requests for exclusion that have been found to be timely and valid.

VIII.   SETTLEMENT PAYMENTS

A.      No later than five (5) court days following the Effective Date, the Claims Administrator will calculate the settlement payments to Participating Class Members as follows.   The "Net Settlement Amount" is the Settlement Amount less the Court-approved attorneys' fees and litigation expenses, the Court-approved service payment to Reed, and the costs of claims administration.   Each Participating Class Member will receive a settlement payment equal to the Net Settlement Amount divided by the number of Participating Class Members.

B.      No later than ten (10) court days following the Effective Date, the Claims Administrator will mail each Participating Class Member a check representing that person's settlement payment. No taxes will be withheld from the settlement payments. The Claims Administrator will indicate on the check stub that the Participating Class Member should consult his or her tax advisor regarding the tax consequences of the settlement payment.   In the event any check is returned to the Claims Administrator as undeliverable, the Claims Administrator will attempt to contact the Participating Class Member by telephone, or (if reasonable in light of the amount of the settlement payment) perform a skip trace to locate a current address and re-mail the check.   Any check that is not cashed within one hundred and twenty (120) days of its mailing by the Claims Administrator will be void.   Any portion of the Settlement Amount that remains unpaid at the end of 120 days will be paid to a cy pres recipient proposed by the Parties and approved by the Court.

Exhibit 1
Page 9

IX.   JUDGMENT

Provided that the Parties have performed all of their obligations under this Settlement, no later than fifteen (15) court days following the Effective Date, the Parties will file a proposed judgment terminating the Lawsuit with prejudice.

X.   RELEASE OF CLAIMS

A.   Provided that the Effective Date occurs, Reed and the Class Members who have not timely requested exclusion from the Settlement (the "Releasing Parties"), on behalf of themselves, and each of their heirs, representatives, successors, assigns, trusts, executors, and attorneys, hereby release and discharge 1-800-Contacts, and each of its past and present officers, directors, employees, shareholders, members, partners, agents, representatives, predecessors, successors, affiliates, assigns, insurance companies, and attorneys, from any and all claims that were alleged in the Lawsuit or which could have been arising out the facts alleged in the Lawsuit that took place during the Class Period.

B.   To the extent the provision is applicable, the Releasing Parties are deemed to waive the protections of California Civil Code section 1542.  Section 1542 provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

XI.   RIGHT TO WITHDRAW FROM SETTLEMENT

A.   Reed has the right to withdraw from the Settlement if confirmatory discovery reveals facts that differ materially from the representations 1-800-Contacts made during the negotiations leading to the Settlement.   To exercise his right to withdraw, Reed must email, fax, or personally deliver written notice to counsel for 1-800-Contacts no later than five (5) court days following the completion of confirmatory discovery, or else Reed's right to withdraw will be forever waived.

B.   1-800-Contacts has the right to withdraw from the Settlement if more than 1,000 Class Members submit timely and valid requests for exclusion from the Settlement.

Exhibit 1
Page 10

To exercise its right to withdraw, 1-800-Contacts must email, fax, or personally deliver written notice to Class Counsel no later than five (5) court days after the receipt of the report from the Claims Administrator pursuant to Section VII(I) above, or else 1-800-Contacts' right to withdraw will be forever waived.

C.      In the event either Party withdraws from the Settlement pursuant to this Section, then all of the following will occur:

1.      The Settlement will be rescinded and will be without further legal effect.

2.      After deduction of any claims administration costs that have been incurred, the remainder of the Settlement Amount will be returned to 1-800-Contacts.

3.      The Parties will litigate the Lawsuit as if this Settlement had never occurred, without prejudice to any claims or defenses they may have.

4.      Pursuant to Fed. R. Evid. 408, this Settlement will be inadmissible in any proceeding to prove or disprove the validity any claim, defense, or allegation asserted in the Lawsuit.

XII.    <u>MISCELLANEOUS</u>

A.      This Settlement represents a compromise of disputed claims, which 1-800-Contacts has specifically denied and continues to deny with respect to all allegations of liability, fault, or wrongdoing asserted in the Lawsuit.   Nothing in this Settlement constitutes an admission by any Party as to the validity of any claim or defense asserted in the Lawsuit.

B.      This Settlement may be modified only by a writing signed by the Parties.

C.      This Settlement, including its exhibits, constitutes the entire agreement between the Parties concerning the subject matter hereof. This Settlement and exhibits will be construed each as a whole, and with reference to one another, according to their fair meaning and intent.  The Parties agree that the rule of construction that ambiguities in

Exhibit 1
Page 11

agreements must be construed against the drafting party will not apply in interpreting this Settlement or its exhibits.

      D.    Each individual signing this Settlement warrants that he or she has the authority to sign the Settlement on behalf of the Party for which he or she signs. 1-800-Contacts warrants that it has obtained all necessary authorizations under its organizational documents and under law to make this Settlement binding on it.

      E.    The Parties agree that this Settlement, and any and all disputes that arise from or in any way relate to this Settlement, will be governed by California law.

      F.    This Settlement may be executed in counterparts.

      G.    Except as otherwise specifically provided for herein, each Party will bear its own attorneys' fees, costs and expenses.

      H.    The United States District Court for the Southern District of California will retain continuing jurisdiction to interpret and enforce this Settlement.

      IN WITNESS WHEREOF, the Parties accept and agree to this Settlement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: July 23 , 2013

ROBERT REED

Dated: _____ , 2013

1-800 CONTACTS, INC.

Brian Bethers
President

Exhibit 1
Page 12

agreements must be construed against the drafting party will not apply in interpreting this Settlement or its exhibits.

        D.      Each individual signing this Settlement warrants that he or she has the authority to sign the Settlement on behalf of the Party for which he or she signs. 1-800-Contacts warrants that it has obtained all necessary authorizations under its organizational documents and under law to make this Settlement binding on it.

        E.      The Parties agree that this Settlement, and any and all disputes that arise from or in any way relate to this Settlement, will be governed by California law.

        F.      This Settlement may be executed in counterparts.

        G.      Except as otherwise specifically provided for herein, each Party will bear its own attorneys' fees, costs and expenses.

        H.      The United States District Court for the Southern District of California will retain continuing jurisdiction to interpret and enforce this Settlement.

        IN WITNESS WHEREOF, the Parties accept and agree to this Settlement and hereby execute it voluntarily and with a full understanding of its consequences.

Dated: _____, 2013        _____

                                         ROBERT REED

Dated: July 23, 2013        1-800 CONTACTS, INC.

                                         Brian Bethers
                                       President

Exhibit 1
Page 13

APPROVED AS TO FORM:

Dated: _July 24_, 2013

DOSTART CLAPP & COVENEY, LLP

JAMES F. CLAPP
JAMES T. HANNINK
ZACH P. DOSTART
Attorneys for Plaintiff

Dated: _July 25_, 2013

FOLEY & LARDNER LLP

MICHAEL J. TUTEUR
MICHAEL M. CONWAY
MARTIN J. BISHOP
NANCY L. STAGG
TAMMY H. BOGGS
Attorneys for Defendant

13

Exhibit 1
Page 14

# Exhibit A

Exhibit 1
Page 15

1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT REED, individually and on        CASE NO. 12-cv-2359 JM BGS
    behalf of all others similarly situated,
12                                           **[PROPOSED] ORDER GRANTING**
              Plaintiffs,                    **PRELIMINARY   APPROVAL   OF**
13                                           **CLASS ACTION SETTLEMENT**
    v.
14
    1-800 CONTACTS, INC., a Delaware
15  corporation, and DOES 1-50, inclusive,

16            Defendants.

17

18      The Court has before it the unopposed motion by plaintiff Robert Reed

19  ("Reed") for preliminary approval of a proposed class action settlement

20  ("Settlement").   Having read the moving papers, including the Settlement

21  Agreement and attached exhibits, the Court finds and orders as follows:

22      1.    The Settlement memorialized in the Settlement Agreement appears, on

23  a preliminary basis, to be fair, reasonable, and adequate.   Accordingly, the Court

24  hereby grants preliminary approval of the Settlement.

25      2.    The Court certifies the following class ("Class") for settlement

26  purposes only: "All natural persons who, while present in California, participated in

27  at least one recorded telephone call with 1-800 Contacts, Inc. between August 15,

28  2011 and September 10, 2012 (the 'Class Period')."

3.      The Court appoints Reed as the representative of the Class, Dostart Clapp & Coveney, LLP as Class Counsel, and Rust Consulting as the Claims Administrator.

4.      The Court finds, for settlement purposes only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class members, which questions predominate over individual issues; (3) Reed's claims are typical of the claims of the Class; (4) Reed and Class Counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      The Court approves the Notice of Class Action Settlement (Exhibit B to the Settlement Agreement), the Publication Notice (Exhibit C) and the Claim Form (Exhibit D).  The notice procedure described in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process and constitutes the best practicable notice under the circumstances.  The Claims Administrator is directed to mail and publish notice to the Class as provided in the Settlement Agreement.

6.      A  final  approval  hearing  shall  be  held  in  this  Court  on _____ at ___ a.m./p.m., at which time the Court will determine whether the Settlement should be granted final approval.  At that time, the Court will also consider Class Counsel's motion for attorneys' fees, litigation expenses, and a proposed service payment to Reed.

7.      Any objections to the Settlement or to the proposed attorneys' fees, litigation expenses, or service payment must be filed with this Court and served upon counsel no later than sixty (60) days following the mailing of the Notice of Class Action Settlement, or else such objection will be waived.

8.     As set forth in the Settlement Agreement, any class member who wishes to opt-out of the Class shall mail, fax, or email to the Claims Administrator a written request to opt-out no later than sixty (60) days following the mailing of the Notice of Class Action Settlement.

9.     The parties shall file their motion for final approval, and Class Counsel shall file its motion for attorneys' fees, litigation expenses, and a service payment to Reed, on the dates required under the Local Rules and under controlling law.

10.    All discovery, discovery deadlines, and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

11.    The parties are ordered to carry out the Settlement in the manner provided in the Settlement Agreement.

IT IS SO ORDERED.

DATED: _____          _____
                                       HON. JEFFREY T. MILLER
                                       U.S. District Judge

566857.1

Exhibit B

Exhibit 1
Page 19

## NOTICE OF CLASS ACTION SETTLEMENT
*Reed v. 1-800 Contacts, Inc.*
S.D. Cal. Case No. 3:12-cv-02359-JM-BGS

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT A PROPOSED CLASS ACTION SETTLEMENT. YOUR RIGHTS MAY BE AFFECTED BY THIS SETTLEMENT.**

The purpose of this Notice is to inform you about a proposed settlement ("Settlement") of a class action lawsuit that is pending in the United States District Court for the Southern District of California (the "Court"). The lawsuit is called *Reed v. 1-800 Contacts, Inc.*, Case No. 3:12-cv-02359-JM-BGS (the "Lawsuit").

This Notice will explain: (1) what the Lawsuit is about; (2) the main terms of the Settlement; and (3) your rights and options under the Settlement. A full version of the Settlement Agreement is available at the following website: _____ (the "Website").

**To receive money under the Settlement, you must fill out and return a Claim Form on or before _____. A copy of the Claim Form is enclosed with this Notice, and instructions for returning the Claim Form are listed in Section III below. If you do not return a Claim Form by this deadline, you will not receive money under the Settlement.**

## I.    What the Litigation is About.

The plaintiff in the Lawsuit, Robert Reed ("Plaintiff"), claims that defendant 1-800 Contacts, Inc. ("Defendant") recorded telephone calls received from or placed to California in violation of California law. Defendant 1-800-Contacts, Inc. denies this claim.

The Lawsuit is brought on behalf of the following class ("Class"): "All natural persons who, while present in California, participated in at least one recorded telephone call with 1-800 Contacts, Inc. between August 15, 2011 and September 10, 2012 (the 'Class Period')." The members of the Class are referred to as the "Class Members."

The parties have exchanged detailed information about the claims, defenses, and alleged damages in the Lawsuit. After lengthy settlement negotiations overseen by an independent mediator, the parties have reached a proposed Settlement. Plaintiff and his counsel believe that the Settlement is fair, reasonable, and in the best interests of the Class Members. In entering into the Settlement, Defendant denies any and all allegations of liability, fault, or wrongdoing asserted in the Lawsuit.

On _____, the Court preliminarily approved the Settlement, certified the Class for settlement purposes only, appointed the law firm of Dostart Clapp & Coveney, LLP as counsel for the Class ("Class Counsel"), appointed Plaintiff as representative of the Class, and authorized the parties to provide this Notice to the Class.

Exhibit 1
Page 20

## II.     The Main Terms of the Settlement.

Subject to Court approval, the main terms of the Settlement are as follows:

1.     Settlement Amount.  Defendant will pay the total amount of Eleven Million, Seven Hundred Thousand Dollars ($11,700,000) (the "Settlement Amount"). The Settlement Amount will be used to pay the claims of the Class Members who return Claim Forms, as well as the attorneys' fees and litigation expenses of Class Counsel, a service payment to the Plaintiff, and the costs of claims administration.

2.     Change in Business Practices.  For a period of at least three (3) years, so long as there is no change in California law, Defendant will not record telephone calls that are placed to or received from California area codes unless Defendant gives a notification at the outset of the call that the call may be recorded.

3.     Settlement Payments.  After deduction of Court-approved attorneys' fees, litigation expenses, the service payment to the Plaintiff, and the costs of claims administration, the remaining amount (the "Net Settlement Amount") will be divided equally between the Class Members who return timely and valid Claim Forms.

4.     Attorneys' Fees, Litigation Expenses, and Service Payment.  From the Settlement Amount, Class Counsel will request an award of attorneys' fees equal to twenty-five percent (25%) of the Settlement Amount, plus up to $150,000 in out-of-pocket expenses incurred on behalf of the Class.  In addition, Class Counsel will ask the Court to award $10,000 to Plaintiff as a service payment for prosecuting the Lawsuit on behalf of the Class.

5.     Release.  Class Members who do not exclude themselves from the Settlement will be deemed to release all of the claims described in Section IV below.

6.     No Admission of Liability.  This Settlement represents a compromise of disputed claims, which Defendant has specifically denied and continues to deny with respect to all allegations of liability, fault, or wrongdoing asserted in the Lawsuit.  Nothing in this Settlement constitutes an admission by any party as to the validity of any claim or defense asserted in the Lawsuit.

## III.     Your Rights and Options under the Settlement.

You have four options under the Settlement.  You may: (1) claim your share of money under the Settlement; (2) object to the Settlement; (3) exclude yourself from the Settlement; or (4) do nothing.

1.     To Claim Money under the Settlement:  If you wish to claim money under the Settlement, you must complete a Claim Form, sign it under penalty of perjury, and return it by mail, email, or fax to the claims administrator:

Rust Consulting
[address/phone/email/website]

**YOUR CLAIM FORM MUST BE POSTMARKED, EMAILED, OR FAXED OR PERSONALLY DELIVERED TO THE CLAIMS ADMINISTRATOR NO LATER THAN _____.** If you miss this deadline, you will not receive any money under the Settlement, but you will be bound by the other terms of the Settlement unless you have timely opted out of this Settlement.

Upon receipt of your Claim Form, the claims administrator will verify whether you are a member of the Class by checking your name and telephone number(s) against Defendant's records. If you have any questions about whether your Claim Form has been accepted, please contact the claims administrator.

2.    To Object to the Settlement: If you wish to object to the Settlement, then on or before _____, you must file a written objection with the United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, CA 92101 ATTN; Clerk of Court. The objection must explain the basis for your objection and you must serve copies of your objection on the following attorneys:

| CLASS COUNSEL: | COUNSEL FOR DEFENDANT: |
|---|---|
| James F. Clapp | Michael J. Tuteur |
| James T. Hannink | Michael M. Conway |
| Zach P. Dostart | Martin J. Bishop |
| Dostart Clapp & Coveney, LLP | Nancy L. Stagg |
| 4370 La Jolla Village Dr. Ste. 970 | Tammy Boggs |
| San Diego, CA 92122 | Foley & Lardner LLP |
| Tel. (858) 623-4285 | 402 W. Broadway, Suite 2100 |
| Fax. (858) 623-4299 | San Diego, CA 92101 |
| Email: zdostart@sdlaw.com | Tel. (619) 234-6655 |
| | Fax. (619) 234-3510 |
| | Email: nstagg@foley.com |

Any objection must include: (1) the name of the Lawsuit (*Reed v. 1-800 Contacts, Inc.*, Case No. 3:12-cv-02359-JM-BGS); (2) your name; (3) your address; (4) your telephone number; (5) a statement that, between August 15, 2011 and September 10, 2012, you participated in at least one recorded telephone call with Defendant while residing and physically present in the State of California; and (6) your signature under penalty of perjury.

If you do not object in the manner described above, you will be deemed to have waived any and all objections to the Settlement, including without limitation the definition of the Class, the scope of the release, and Class Counsel's request for attorneys' fees, litigation expenses, and the service payment to the Plaintiff.

If you intend to object to the Settlement but also wish to receive your share of the Settlement if it is approved by the Court, you must also submit a timely and valid Claim Form as explained above.

3.    To Exclude Yourself from the Settlement: If you wish to opt out of the Settlement, then on or before _____, you must postmark, email, or fax a letter to the claims administrator at

the address listed in Section III(1) above. The letter must contain the following: (1) the name of the Lawsuit (*Reed v. 1-800 Contacts, Inc.*, Case No. 3:12-cv-02359-JM-BGS); (2) your name; (3) your address; (4) your telephone number; (5) the following statement: "I wish to be excluded from the *Reed* settlement"; and (6) your signature under penalty of perjury.

If you do not request exclusion in the manner described above, your request for exclusion will not be valid, and you will be bound by the terms of the Settlement, including the release of claims described in Section IV below.

**YOU MAY NOT SUBMIT BOTH A CLAIM FORM AND A LETTER REQUESTING TO OPT OUT OF THIS SETTLEMENT.**

4.    <u>If You Do Nothing.</u>  If you do nothing, you will not receive any money under the Settlement, but you will be bound by the terms of the Settlement, including the release of claims described in Section IV below.

## IV.    <u>Release of Claims.</u>

If the Settlement is approved by the Court, Plaintiff and the Class Members who have not timely requested to opt of the Settlement (the "Releasing Parties"), on behalf of themselves, and each of their heirs, representatives, successors, assigns, trusts, executors, and attorneys, are deemed to release and discharge Defendant, and each of its past and present officers, directors, employees, shareholders, members, partners, agents, representatives, predecessors, successors, affiliates, assigns, insurance companies, and attorneys, from any and all claims that were alleged in the Lawsuit or which could have been arising out the facts alleged in the Lawsuit that took place during the Class Period.

Furthermore, to the extent the provision is applicable, the Releasing Parties are deemed to waive the protections of California Civil Code section 1542. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## V.    <u>Final Approval Hearing.</u>

The Court will hold a hearing on _____ at _____ to determine whether the Settlement should be finally approved and to rule on Class Counsel's motion for attorneys' fees, litigation expenses, and the service payment to the Plaintiff. The Court is located at 221 W. Broadway, Courtroom 5D, San Diego, CA 92101. The hearing may be continued without further notice. **YOU ARE NOT REQUIRED TO ATTEND THE HEARING, BUT YOU MAY IF YOU CHOOSE.**

Exhibit 1
Page 23

**VI.**     <u>**For More Information.**</u>

This Notice contains only a summary of the terms of the proposed Settlement. You may view the Settlement Agreement and other important documents on the Website. You may also review the pleadings and other papers filed in the Lawsuit at the Court's Business Office, located at 333 W. Broadway, Ste. 420, San Diego, CA 92101.

If you have additional questions about the Settlement, please contact either the claims administrator or Class Counsel. Their contact information is below. **PLEASE DO NOT CONTACT THE COURT ABOUT THIS NOTICE.**

| <u>CLAIMS ADMINISTRATOR</u> | <u>CLASS COUNSEL</u> |
|---|---|
| Rust Consulting | Zach P. Dostart |
| [contact information] | Dostart Clapp & Coveney, LLP |
| | 4370 La Jolla Village Dr. Ste. 970 |
| | San Diego, CA 92122 |
| | Tel. (858) 623-4285 |
| | Fax. (858) 623-4299 |
| | Email: zdostart@sdlaw.com |

566838.1

Exhibit 1
Page 24

Exhibit C

Exhibit 1
Page 25

## NOTICE OF CLASS ACTION SETTLEMENT

**If you called or received a telephone call from 1-800 Contacts, Inc. between August 15, 2011 and September 10, 2012 while you were present in California, you could receive money under a class action settlement.**

A proposed class action settlement has been reached in a lawsuit called *Reed v. 1-800 Contacts, Inc.*, Case No. 3:12-cv-02359-JM-BGS, which is pending in the U.S. District Court for the Southern District of California. The lawsuit claims that the defendant recorded telephone calls with California residents in violation of California law, claims which the defendant has denied.

The deadline for filing claims, opting out, or objecting to the settlement is _____. To learn more about the settlement, please visit _____ or contact the claims administrator, Rust Consulting, at _____.

Exhibit 1
Page 26

Exhibit D

Exhibit 1
Page 27

## CLAIM FORM

*Reed v. 1-800 Contacts, Inc.*
S.D. Cal. Case No. 3:12-cv-02359-JM-BGS

**Instructions:** To make a claim for money under the Settlement, you must complete this Claim Form and return it by mail, email, by personal delivery or fax by _____ to:

> Rust Consulting
> [Contact Information]

Upon receipt of your Claim Form, the claims administrator will verify whether you are a member of the Class by checking your name and telephone number(s) against Defendant's records. If you have any questions about whether your Claim Form has been accepted, please contact the claims administrator.

## PERSONAL INFORMATION:

Name (first, middle, last): _____

Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Social Security or Taxpayer I.D. Number: _____

Please list the telephone number(s) you used to communicate with 1-800 Contacts, Inc. between August 15, 2011 and September 10, 2012 while you were present in California:

_____          _____

_____          _____

## VERIFICATION:

I hereby affirm that, to the best of my knowledge, I spoke with 1-800 Contacts, Inc. by telephone at least one time while I was physically present in California between August 15, 2011 and September 10, 2012.

Date: _____          Signature: _____

## ONLY IF YOU ARE UNDER 18 YEARS OLD, PLEASE HAVE YOUR PARENT OR GUARDIAN AGREE TO THIS CLAIM FORM BY SIGNING BELOW:

Date: _____          Signature: _____

Exhibit 1
Page 28