# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT REED; individually and on behalf of all others similarly situated,<br><br>        Plaintiffs<br><br>        v.<br><br>1-800 CONTACTS, INC,<br><br>        Defendants | ) Case No.:  3:12-CV-2359-JM (BGS)<br>)<br>) **ORDER PRELIMINARILY**<br>) **APPROVING CLASS ACTION**<br>) **SETTLEMENT AND PROVIDING**<br>) **FOR NOTICE**<br>)<br>)<br>)<br>)<br>)<br>) |

WHEREAS, this action is pending before this court as a class action, Case No. 3:12-CV-2359-JM (BGS) (the "Action"); and

WHEREAS, the plaintiff has moved this court for an order preliminarily approving the settlement of the Action in accordance with the Class Action Settlement Agreement ("Settlement"), which, together with the attached exhibits, set forth the terms and conditions for the proposed settlement of the Action; and

WHEREAS, the court, having read and considered the Settlement and attached exhibits;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      Based upon the court's review of the Settlement, the supporting briefs and declarations, and the entire record, Plaintiffs' Motion for Preliminary Approval of Settlement is GRANTED.

2.      This order incorporates by reference the definitions in the Settlement, and all terms defined therein shall have the same meaning in this order as set forth in the Settlement.

3.      The Court hereby conditionally certifies the following class ("Class") for settlement purposes only: "All natural persons who, while present in California, participated in at least one recorded telephone call with 1-800 Contacts, Inc. between August 15, 2011 and September 10, 2012 (the 'Class Period')."

4.      Based upon the court's review of the Settlement, the supporting briefs and declarations, and the entire record, the Action presents common issues of law and fact, plaintiff Robert Reed is found to be an adequate representative of the Class, and his claims are found to be typical of the other members of the Settling Class ("Class Members").  The Court appoints Reed as the representative of the Class and Dostart Clapp & Coveney, LLP[1] as Class Counsel.

5.      Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given under the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense.  Any

---

[1] The following attorneys at Dostart Clapp & Coveney, LLP represent Class Members: James F Clapp, James T Hannink, and Zachariah Paul Dostart  Class Counsel's mailing address is Dostart Clapp & Coveney, LLP, 4370 La Jolla Village Drive Suite 970 San Diego, CA 92122-1253.

Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6.     The Court finds, for settlement purposes only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class members, which questions predominate over individual issues; (3) Reed's claims are typical of the claims of the Class; (4) Reed and Class Counsel will fairly and adequately protect the interests of the Class; (5) common issues of law and fact predominate over the class; and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.     The court preliminarily approves the Settlement, including Monetary Relief, Injunctive Relief, Class Counsel Fees and Expenses Payment, and the Class Representative Incentive Award.  The court has reviewed the Monetary and Injunctive Relief that is being provided as part of the Settlement and recognizes their significant value to the Class.  The court has reviewed the relevant facts and law, including, but not limited to, all previous pleadings filed in this Action and the papers and declarations submitted by the Parties in support of preliminary approval.  It appears to the court on a preliminary basis that the Settlement is fair, adequate, and reasonable as to all potential Class Members when balanced against the cost and uncertainty associated with further litigation of liability and damages issues.  It further appears that extensive investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.  Moreover, it appears to the court that settlement of this Action at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further

prosecution of the Action.  It also appears that the Settlement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations.

8.      The Court approves the Notice of Class Action Settlement (Exhibit 1.B to the Settlement Agreement), the Publication Notice (Exhibit 1.C) and the Claim Form (Exhibit 1.D).  The notice procedure described in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process and constitutes the best practicable notice under the circumstances.  The Claims Administrator is directed to mail and publish notice to the Class as provided in the Settlement Agreement.

9.      The court appoints Rust Consulting as Claims Administrator and directs the Settlement Administrator to mail class notices no later than fifteen (15) days after this court preliminarily approves of the Settlement.  Within fifteen (15) days of the Preliminary Approval, the Settlement Administrator will also confirm that Notice has been provided on a website

10.     Any objections to the Settlement or to the proposed attorneys' fees, litigation expenses, or service payment must be filed with this Court and served upon counsel no later than sixty (60) days following the mailing of the Notice of Class Action Settlement, or else such objection will be waived.

11.     As set forth in the Settlement Agreement, any class member who wishes to opt-out of the Class shall mail, fax, or email to the Claims Administrator a written request to opt-out no later than sixty (60) days following the mailing of the Notice of Class Action Settlement.  Defendants shall also comply with the requirements of 28 U.S.C. § 1715.

12.     Any Class Member may choose to opt out of and be excluded from the Settlement as provided in the mailed Notice by following the instructions for requesting exclusion from the Settlement that are set forth in the Notice and

Settlement.  All written requests for exclusion must be submitted as provided in the Certificate and Settlement.  Any such person who chooses to opt out of and be excluded from the Settlement will not be entitled to any recovery under the Settlement, including receipt of Monetary Recovery, and will not be bound by the Settlement or have any right to object, appeal or comment thereon.  Any written request to be excluded from the Settlement must be express and signed by each such person.  Individuals in the Class who have not requested exclusion shall be bound by all determinations of the court, the Settlement, and any Judgment that may be entered thereon.

13.   Any Participating Class Member may appear at the Final Approval Hearing and object to the Settlement ("Objectors").  Objectors may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the court as provided in the Notice.  To be valid, the papers must be filed with the Clerk of this court and received by all Class Counsel and defense counsel[1] on or before sixty (60) days after the original date of mailing of the Class Notice, or October 25, 2013.   No Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the court, unless on or before sixty (60) days after the original date of mailing of the Certificates, that person has served by hand or by first-class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon Class Counsel and Counsel for Defendant, and

---

[1] Objectors should mail objections to Defense Counsel at the following address:  Foley & Lardner LLP, attn.: Tammy H. Boggs, 3579 Valley Center Drive, Suite 300, San Diego, CA 92130.

filed the objections, papers and briefs with the Clerk of this court.   Any Participating Class Member who does not object in the manner provided for in this order shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the Settlement.

14.   All papers in support of the Settlement shall be filed with the court and served on the Parties' Counsel no later than November 11, 2013, or twenty-eight (28) court days before the Objection/Exclusion deadline of December 9, 2013.

15.   The parties shall file their motion for final approval, and Class Counsel shall file its motion for attorneys' fees, litigation expenses, and a service payment to Reed, on the dates required under the Local Rules and under controlling law.

16.   All discovery, discovery deadlines, and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

17.   If the Settlement does not become effective in accordance with the terms of and as defined in the Settlement, or if the Settlement is not finally approved by the court, or is terminated, canceled or fails to become effective for any reason, this order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement.   Accordingly, if the Settlement does not become effective for any reason:  (i) the Settlement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any

other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement in the event of its termination, the Settlement shall have no further force and effect with respect to any Party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any Party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

18.    The court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

19.    The court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement until Judgment has been entered.

//

//

//

20.     In accordance with the terms of the Settlement, the court hereby adopts the following dates for performance of the specified activities:

| | |
|---|---|
| **September 4, 2013**<br>**(5 days after preliminary approval)** | Deadline for 1-800 Contacts to provide Claim Administrator with electronic database containing unique telephone numbers of all calls recorded during the class period and, if available, the name(s) and address(es) associated with that number. |
| **September 15, 2013**<br>**(15 days after preliminary approval)** | Deadline for Claim Administrator to mail the Class Notice to all Class Members.  This is the "Notice Date." |
| **September 15, 2013**<br>**(15 days after preliminary approval)** | Deadline for Claim Administrator to establish a website on which it will make available the Class Notice, Claim Form, Settlement Agreement, Complaint, Answer, this Order Granting Preliminary Approval, and any other materials agreed to by the Parties. |
| **September 15, 2013**<br>**(15 days after preliminary approval)** | Date that Claim Administrator will begin publishing a series of three ads in the Los Angeles Times, the San Francisco Chronicle, the San Diego Union-Tribune, the Sacramento Bee, and the Fresno Bee. |
| **October 30, 2013**<br>**(60 days after Notice Date)** | Parties will file all papers in support of the Settlement with the court.  This is the "Claim Deadline Date." |
| **November 4, 2013**<br>**(5 days after Claim Deadline Date)** | Last day for Class Members to submit written objections to Settlement and any notice of intent to appear at Final Approval Hearing. |
| **December 14, 2013** | Final Approval Hearing. |
| **Effective Date**<br>**(10 days after Final Approval Granted)** | Claim Administrator will mail each Participating Class Member a check representing that person's settlement payment. |
| **120 Days After Effective Date** | Any portion of the Settlement Amount that remains unpaid at the end of 120 days will be paid to a cy pres recipient proposed by the Parties and approved by the court. |

**IT IS SO ORDERED.**

Dated:  August 29, 2013

**Jeffrey T. Miller**
**United States District Judge**